**2013 UT App 266**

# THE UTAH COURT OF APPEALS

CLAUD R. KOERBER AND JEWEL K. SKOUSEN,
Plaintiffs and Appellants,
*v.*
NANCY A. MISMASH AND ROBERT J. DEBRY & ASSOCIATES, PC,
Defendants and Appellees.

Per Curiam Decision
No. 20130567-CA
Filed November 7, 2013

Third District Court, West Jordan Department
The Honorable Andrew H. Stone
No. 110410430

Jay Morgan Philpot, Attorney for Appellants
Lynn P. Heward, Attorney for Appellee Robert J.
DeBry & Associates, PC

Before JUDGES STEPHEN L. ROTH, MICHELE M. CHRISTIANSEN, and
JUDITH M. BILLINGS.[1]

PER CURIAM:

¶1   Claud R. Koerber and Jewel K. Skousen (Tenants) appeal the trial court's order granting summary judgment in favor of Nancy A. Mismash (Landlord) and its previously entered order granting Robert J. DeBry & Associates, PC's (DeBry) motion to dismiss. This is before the court on DeBry's motion for partial summary

---

1. The Honorable Judith M. Billings, Senior Judge, sat by special assignment as authorized by law. *See generally* Utah Code Jud. Admin. R. 11-201(6).

disposition, which requests summary affirmance of the order dismissing the case as against DeBry, entered in October 2011.

¶2 Tenants asserted several causes of action against Landlord and her employer, DeBry. Although the causes of action varied in specifics, all were founded on the lease agreement and the disputes arising therefrom. Tenants attempted to assert their claims against DeBry, but only vaguely alleged what actions DeBry took to render it a party to the complaint against Landlord. The trial court dismissed the complaint against DeBry, determining that Tenants had failed to state a claim against DeBry for which relief could be granted.

¶3 Appellate courts review an order granting a motion to dismiss for correctness. *State v. Apotex Corp.*, 2012 UT 36, ¶ 16, 282 P.3d 66. "On appeal from a motion to dismiss, we review the facts only as they are alleged in the complaint. We accept the factual allegations as true and draw all reasonable inferences from those facts in a light most favorable to the plaintiff." *Id.* ¶ 3. However, "mere conclusory allegations in a pleading, unsupported by a recitation of relevant surrounding facts, are insufficient to preclude dismissal." *Kuhre v. Goodfellow*, 2003 UT App 85, ¶ 21, 69 P.3d 286. Additionally, the court need not accept legal conclusions or opinion couched as facts. *Commonwealth Prop. Advocates v. MERS, Inc.*, 2011 UT App 232, ¶ 16, 263 P.3d 397.

¶4 The allegations related to DeBry are insufficient to state a claim against it as a party. Some of the allegations are legal conclusions, such as the allegation that DeBry became a party to the contract based on vaguely asserted acts. Other allegations are merely conclusory and are unsupported by relevant surrounding facts. The statements alleged to have been made by Landlord, even if true, lack specifics to support a claim against DeBry. Tenants attempt to show that Landlord was acting on behalf of DeBry, but the allegations indicate the opposite—that DeBry was "assisting" Landlord and helped enforce the terms of the agreement. There is no factual allegation that DeBry had any direct role in the lease

agreement, the predicate to the complaint. Overall, the few allegations regarding DeBry are either vague and conclusory or amount to legal conclusions, and are accordingly insufficient to preclude dismissal.

¶5     The trial court's order dismissing the complaint against DeBry is affirmed.[2]

———————

2. This appeal will move forward on the trial court's final order granting summary judgment in favor of Landlord.